## STATE v. MINNEAPOLIS & ST. PAUL SUBURBAN RAILWAY COMPANY and Another.[1]

June 13, 1913.

Nos. 17,950—(5).

**Gross earnings of electric railways — apportionment proper.**

> Defendants, suburban railroad company and suburban railway company, operated during 1909 and 1910 several lines of street and trolley railroad partly within and partly beyond the boundaries of the cities of St. Paul and Minneapolis; their cars were run into or through those cities upon the car tracks of the local city street railway companies; within the cities the cars were operated as the city lines were operated, receiving and discharging passengers at street intersections, and charging and receiving the same fare from passengers; all revenues received by defendants were paid over to a corporation, the joint fiscal agent of defendants and the city companies, and were by that company apportioned to the different companies in accordance with the earnings of each; defendants being paid for all earnings outside the cities, and the local companies for all earnings within the cities. *Held*, a legitimate and proper arrangement between the companies, and that the amount apportioned to the suburban companies, which are liable to the payment of the gross earnings tax, represents their gross earnings, and properly reported as such.

Action in the district court for Ramsey county to recover $32,426.-82, unpaid taxes upon the gross earnings of defendant companies at the rate of four per cent, with the statutory penalty of five per cent added. The facts are stated in the opinion. The case was tried before Olin B. Lewis, J., who made findings of fact and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assistant Attorney General, for appellant.

*N. M. Thygeson* and *W. Y. Smiley,* for respondents.

[1] Reported in 142 N. W. 19.

BROWN, C. J.

Action to recover certain taxes claimed by the state to be due from defendants upon their gross earnings for the years 1909 and 1910. Defendants had judgment below and the state appealed.

The facts without unnecessary detail are as follows: Defendant, The Minneapolis & St. Paul Suburban Railway Company, was duly organized as a street railroad corporation under the laws of this state and constructed and, during the year 1909, operated certain suburban lines of road radiating from the cities of St. Paul and Minneapolis. In December of that year defendant, Minneapolis & St. Paul Suburban Railroad Company, was duly incorporated and succeeded to all the property, rights and franchises of the railway company, and during the year 1910 operated all the suburban lines of road acquired from its predecessor. Several different lines of road were so operated by defendants, each of which connected with the street railways of the cities of St. Paul and Minneapolis, and some of the lines extended in fact a short distance within the corporate limits of those cities. The car tracks are of standard gauge, and the cars of defendants were operated upon and over the local street car tracks.

One of such lines extends from Hopkins, in Hennepin county, through Minneapolis to St. Paul, from which place the cars return to the terminus at Hopkins. Another line extends to the city of Stillwater, in Washington county, through the same and to some point beyond. Within the cities the cars are run upon and over the local railway tracks without change of conductors or motormen. Under an operating agreement between the several companies, all fares and revenue receipts, during the years stated, were paid over to the Transit Supply Company, a corporation, the joint fiscal agent of both car lines, and by that company credited to the respective car companies in accordance with the earnings of each; the earnings of the suburban companies outside the cities being paid to them and the earnings inside to the local company. The employees were paid on the same basis, each receiving compensation in accordance with the time employed within and without the cities, and paid by the local or suburban line accordingly. Defendants reported their gross

earnings for the years 1909 and 1910, in harmony with this plan of operation and the tax assessed thereon was paid. All property owned by defendants and situated in the municipalities reached by their lines, was assessed on the ad valorem basis and the tax paid.

1. The action is founded upon chapter 454, p. 552, Laws 1909,[1] wherein it is provided that all companies operating railroads or railways in this state, "except street railways" shall be deemed railroad companies within the meaning of section 1003, R. L. 1905, and subject to taxation on the gross earnings basis. Each such company is required to report its gross earnings, and the tax commission is required to apportion the tax thus levied and paid among the several municipalities traversed by the road, in accordance with the volume of business arising therein and from which the earnings accrue. The sole question involved in the case, as expressed by counsel for the state, is whether defendants, the suburban companies, had the right to deduct, in their report of gross earnings, all money received by them for the transportation of passengers within the cities of St. Paul and Minneapolis, and to report only the fares received outside those cities. In other words, whether the total receipts by them, including for inside and outside traffic, constitute, within the meaning of the law, their gross earnings. It is the contention of the state that all such receipts should be reported, that they in fact constituted earnings of defendants, and that the amount paid therefrom by the transit company to the city companies must be deemed compensation for the use by the defendants of the tracks within the cities.

In this contention we are unable to concur. We have no particular difficulty in sustaining the conclusion of the trial court that the agreement of the different companies for the apportionment of the revenue receipts by the surburban companies, whereby the fares received for the transportation of passengers outside the cities were paid over to those companies, and the fares received within the cities to city companies, was a legitimate and proper arrangement for the distribution of earnings thus accruing. The distribution was clearly equitable and fair, and in harmony with the legal rights of the parties and undoubtedly what the law would have awarded in the absence

---

[1] [R. L. Supp. 1909, §§ 1003–1 to 1003–6].

of an express contract. By the arrangement each company received the income derived from its own line, and the amount so received necessarily represented the gross earnings of defendant companies for the years 1909 and 1910. In the case of State v. Minneapolis & St. Paul Suburban Ry. Co. (defendant in this case) 114 Minn. 70, 130 N. W. 71, it was held that, within the city of Stillwater, defendant was a street railway company subject to taxation on the ad valorem basis, but that between that city and the city of St. Paul, was an ordinary commercial railroad and subject to the gross earnings tax. While some force seems to have been given to the fact that defendant obtained from the city of Stillwater a franchise to operate its own line upon the city streets, that was not the controlling reason for the decision. That case must be taken as laying down the general proposition that roads of this character are commercial roads without, and street railways, where incorporated as such, within the cities or villages in which they may operate street cars. In any event we think it sufficiently appears in the case at bar that defendant companies were lawfully operating their cars within St. Paul and Minneapolis under public grant, and under an arrangement for the distribution of earnings as heretofore mentioned, and under the rule of the Stillwater case they would not be heard to assert the contrary. We therefore conclude that the trial court properly disposed of the case and the judgment appealed from must be affirmed.

What we have said on the subject of the various suburban lines applies, by the facts disclosed, to all such lines operated by defendants, including the Minnetonka line. If, as suggested by the attorney general, any inequities or collusion arise to the prejudice of the state, resulting from the method of determining the gross earnings of defendants, the remedy by legislation is adequate for the correction of the same. In fact we are impressed that defendant companies, and others similarly incorporated and operating partly within and partly without municipalities should be either commercial or street railways and not be burdened with both characters. But this is a matter for the legislature.

Order affirmed.